## VAN WINKLE vs. EARL.

A statement in a deed that the conveyance is made subject to certain mortgages (among which is the one sought to be foreclosed) *held*, not to deprive the grantee of the right to set up the defence of usury: it appearing that he did not purchase the property subject to those mortgages, or any of them, and that the statement referred to was inserted merely with a view to preventing a breach of the covenant against encumbrances, it having been agreed that the grantor should remove all the encumbrances from the property; and the grantee having paid the full consideration of the purchase.

On final hearing, on pleadings and proofs.

*Mr. James Evans,* for complainant.

*Mr. John C. Paulison,* for defendant.

THE CHANCELLOR.

This is an action for the foreclosure and sale of mortgaged premises in Passaic county. After the mortgage in suit was given, the mortgagor conveyed the premises to the defendant, who still owns them. The latter defends against the mortgage, on the ground of usury. The taking of the usury is admitted. It consisted in including in the mortgage (which was for a loan of $900) the sum of $100, as a premium for the loan. The complainant insists that the defendant cannot

avail himself of the defence he sets up, because, by the deed to him, the premises are stated to be conveyed subject to certain mortgages, among which is that of the complainant. It appears, however, from the deed itself and otherwise, that notwithstanding this statement, the defendant did not purchase the property subject to those mortgages, or any of them, and that the statement referred to was inserted merely with a view to preventing a breach of the covenant against encumbrances; it having been agreed that the grantor should remove all the encumbrances from the property. The defendant paid, and secured to be paid, the full consideration of the purchase. The deed conveys the property by word of grant, and contains a full covenant for quiet enjoyment, and a covenant of warranty general. Under these circumstances, the defendant is entitled to the defence. There will be a decree for the complainant for $886, being the amount of money advanced by him after deducting $14, the interest he has received on the premium. He will recover, neither interest nor costs.